# Schwartz *v.* Pennsylvania Railroad Co., Appellant.

*Negligence—Railroads—Collision—Case for jury.*

In an action of trespass to recover damages from a railroad company for personal injuries sustained by an employee of a coal company in a collision, it appeared from plaintiff's evidence that coal cars of his employer, on which plaintiff was riding in the course of duty, after being unloaded into vessels on an overhead trestle, had been returned by gravity to a track connecting with defendant's main track, and had collided with cars of defendant stored on said track, upon which by long usage and custom no cars were to be placed by defendant without warning to the employees of the coal company, which had not been given in this instance, and that plaintiff's view was obscured by a dense fog. *Held,* the case was for the jury and a verdict and judgment for plaintiff was sustained.

Argued April 28, 1913.    Appeal, No. 271, Jan. T., 1912, by defendant, from judgment of C. P. Erie Co., Sept. T., 1911, No. 53, on verdict for plaintiff in case of Walter Schwartz v. Pennsylvania Railroad Company. Before Fell, C. J., Mestrezat, Potter, Elkin and Moschzisker, JJ.    Affirmed.

Trespass to recover damagess for personal injuries. Before•Walling, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,500, and judgment thereon. Defendant appealed.

*Errors assigned* were various instructions to the jury.

*U. P. Rossiter,* of *Rossiter & Thompson,* for appellant.

*John B. Brooks,* with him *Charles H. English,* for appellee.

PER CURIAM, June 27, 1913:

The plaintiff, a workman employed by the Susquehanna Coal Company, was injured in a collision between a train of empty coal cars of that company on which he was riding, and cars of the Pennsylvania Railroad Company, the defendant, that were stored on one of the tracks of the latter. In the course of business between these companies loaded coal cars were delivered by the defendant near the foot of a trestle up which they were drawn by the coal company to be unloaded into vessels. The empty cars were returned by the coal company by a gravity road on a steep incline to a track of the defendant which connected with its main line. At the trial the main question of fact was whether the cars that were stored on the defendant's track at the foot of the incline and whose presence there resulted in a collision, had been negligently placed there by its employees. The testimony on the subject was contradictory but that of the plaintiff tended to show that a long established custom and usage gave the coal company the right of way on this part of the track when it was engaged in unloading cars and that no use should be made of it by the defendant without notice to the employees of the coal company; that on the morning of the accident cars had been placed on the track without notice after the plaintiff had gone up the incline, and that because of a heavy fog he was unable to see the cars in time to avoid the collision. This testimony made out a case on which the plaintiff was entitled to go to the jury and we find no error in the manner in which the controversy of the parties was submitted.

The judgment is affirmed.